Ryan Lee SBN (024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
SUSAN LAMS

Cynthia Fulton
Fulton, Fridman & Gullace LLP
2435 E. Thomas Rd. Suite 460
Phoenix, AZ 85016
Tel: 602-748-4331
Fax: 602-254-3788
Cynthia.fulton@fultonfriedman.com
Attorneys for Defendant
ACCOUNTS RECEIVABLE MANAGEMENT, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Lams,<br><br>                              Plaintiff,<br><br>v.<br><br>Accounts Receivable Management, Inc.<br>                              Defendant. | No.  CV 09-0892-PHX-LOA<br><br>**PROPOSED JURY INSTRUCTIONS** |

## PROPOSED JURY INSTRUCTION #1

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

 You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #2

Plaintiff brings this action against Defendant based on 15 U.S.C. §1692, et seq., commonly known as the Fair Debt Collection Practices Act, which for convenience, I will refer to as the FDCPA.

The FDCPA originally enacted by Congress became effective on March 20, 1978, and was again amended and broadened in 1986 and amended again in 1996.  In passing the FDCPA, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices."   To this end, the FDCPA expressly prohibits debt collectors from engaging in numerous specific acts and also requires debt collectors to perform specific acts when they are attempting to collect consumer debts for others.

The Act defines a "debt collector" as any person who uses any instrumentality of interstate commerce, the mails in any business, the principle purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another.  The Act also defines a "debt collector" to include any person who regularly collects a debt owed to another.  Defendant is a "debt collector" within the meaning of the Act.

The Act defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment.  The obligation which Plaintiff is alleged to owe is a "debt" within the meaning of the Act.

The Act defines "consumer" as any person obligated or allegedly obligated to pay any debt.  The Plaintiff is a "consumer" within the meaning of the Act.

## PROPOSED JURY INSTRUCTION #3  (OBLIGATION TO PAY THE DEBT DOES NOT AFFECT LIABILITY)

Even if you determine Plaintiff owes the alleged debt to Defendant, Defendant still must comply with all respects of the FDCPA.  Therefore, you may not consider whether or not Plaintiff is indebted to Defendant when determining whether Defendant violated the FDCPA.

*Baker v. G. C. Services Corp.,* 677 F2d. 775, 777 (9th Cir. 1982)

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #4 (PLAINTIFF'S FDCPA CONTENTIONS)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff claims that Defendant, through its agents, employees and representatives violated the FDCPA as follows:

1. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.
2. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
3. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.
4. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #5  (LEAST SOPHISTICATED CONSUMER STANDARD)

In determining whether Defendant violated the FDCPA you are to apply the least sophisticated consumer standard.  This law was not made for the protection of experts, but for the public—that vast multitude which includes ignorant, the unthinking and the gullible, and the fact that a false or misleading statement may be obviously false or misleading to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. Thus, in reaching your determination of whether Defendant violated the FDCPA you must view them through the eyes of the least sophisticated consumer.

*Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000).  *See also* Schweizer v. Trans Union Corp., 136 F.3d 233 (2d Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); 1788.17; *Gonzales v. Arrow Financial Services LLC*, 489 F.Supp.2d 1140 S.D.Cal.,2007.

**PROPOSED JURY INSTRUCTION #6 (FDCPA §1692d)**

The Fair Debt Collection Practices Act states:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

Whether or not the debt collector's action is such a violation, must be determined from the prospective of the least sophisticated consumer standard.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #7 (FDCPA §1692d(5))

The Fair Debt Collection Practices Act states:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section.

A debt collector may not cause a telephone to ring or engage any person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the number called.

Whether or not the debt collector's action is such a violation, must be determined from the prospective of the least sophisticated consumer standard.

**PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION #8**

In order for Plaintiff to prevail on her claim that Defendant caused her telephone to ring or engaged her in telephone conversations continuously with intent to annoy, abuse or harass her, she must prove the Defendant intended to harass her.

15 U.S.C. §1692 d(5); Bey v. Daimler Chrysler Services, LLC 2006 WL 361385 (D.N.J. Feb. 15, 2006)

## PROPOSED JURY INSTRUCTION #9

In order to prevail on her claim that Defendant caused a telephone to ring or engaged her in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass her, Plaintiff must prove more than the number of calls that were made to her telephone number.

15 U.S.C. §1692d(5); Gorman v. Wolpoff & Abramson, L.L.P., 435 F. Supp. 2d 1004 (N.D. Cal. 2006).

Plaintiff's Objection: This jury instruction is duplicative of instruction #8.

## PROPOSED JURY INSTRUCTION #10 (FDCPA §1692d(6)

The Fair Debt Collection Practices Act states:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6)    Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Whether or not the debt collector's action is such a violation, must be determined from the prospective of the least sophisticated consumer standard.

**PROPOSED JURY INSTRUCTION #11**

In determining whether Defendant violated the "meaningful disclosure" requirement of the FDCPA, you must decide whether the collection call message stated the name of the caller and disclosed enough information so as not to mislead the recipient as to the purpose of the call.

15 U.S.C. §1692d(6); Costa v. National Action Financial Services, 634 F.Supp.2d 1069 (E.D. Ca. 2007); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104 (C.D. Cal. 2005)

**PROPOSED JURY INSTRUCTION #12(FDCPA §1692f)**

The Fair Debt Collection Practices Act states:

   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

Whether or not the debt collector's action is such a violation, must be determined from the prospective of the least sophisticated consumer standard

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION 13

A debt collector may not be held liable if the debt collector shows by a preponderance of the evidence that any violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. §1692k(c)

**PROPOSED JURY INSTRUCTION #14  (DAMAGES IN GENERAL)**

The law of damages in this case is based on the following:

The FDCPA permits damages to be awarded to Plaintiff.  For you to award damages to Plaintiff, it is not necessary to find that Defendant violated every provision of the FDCPA.  All that is necessary for you to award damages is a finding that Defendant violated one provision of the FDCPA.

*Meijia v. Marauder Corp.,* C-06-00520, 2007 WL 806486, at 10 (N.D.Cal. Mar. 15, 2007).  *See also* 15 U.S.C. §§ 1692k and 1692n.

1
2

## PROPOSED JURY INSTRUCTION #15-BURDEN OF PROOF— PREPONDERANCE OF THE EVIDENCE

3
4

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

5
6

You should base your decision on all of the evidence, regardless of which party presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #16- WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

      1.      The sworn testimony of any witness;

      2.      The exhibits which are received into evidence; and

      3.      Any facts to which the lawyers have agreed.

## PROPOSED JURY INSTRUCTION #17-WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #18-DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #19-RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.   If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## PROPOSED JURY INSTRUCTION #20-CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**PROPOSED JURY INSTRUCTIONS**

# PROPOSED JURY INSTRUCTION #21-CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.   Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.   This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.   This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.   But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.   A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over.   If any juror is exposed to any outside information, please notify the court immediately.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #22- NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #23-TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

- 24 -

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #24-BENCH CONFERENCES AND RECESS

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #25-OUTLINE OF TRIAL

Trials proceed in the following way:   First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #26-DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #27-COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.   No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.   If you send out a question, I will consult with the parties before answering it, which may take some time.   You may continue your deliberations while waiting for the answer to any question.   Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.   Do not disclose any vote count in any note to the court.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #28-RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**PROPOSED JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION #29-FAIR TREATMENT-CORPORATION

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**PROPOSED JURY INSTRUCTIONS**

1
2

## **PROPOSED JURY INSTRUCTION #30-SCOPE OF AUTHORITY-LIABILITY OF CORPORATIONS**

3
4
5

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PROPOSED JURY INSTRUCTIONS**

**ROPOSED JURY INSTRUCTION #31-MEASURE OF DAMAGES**

Should you find that the defendant failed to comply with any provision of the FDCPA then defendant is liable to plaintiff for statutory damages up to $1,000.00. In determining the amount of statutory damages to be awarded, you shall consider among other relevant factors, the frequency and persistence of noncompliance of the FDCPA by the defendant, the nature of the noncompliance with the FDCPA, and the extent to which the noncompliance was intentional.

Submitted,

DATED:  July 9, 2010          KROHN & MOSS, LTD.


By:/s/ Ryan Lee                              _

    Ryan Lee
    Attorney for Plaintiff


Respectfully Submitted,

DATED:  July 9, 2010          FULTON, FRIEDMAN & GULLACE LLP.


By:/s/ Cynthia Fulton

    Cynthia Fulton
    Attorney for Defendant

**PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PROPOSED JURY INSTRUCTIONS**