IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Lams,<br><br>       Plaintiff,<br>v.<br>Accounts Receivable Management, Inc.<br>       Defendant. | No. CV 09-0892-PHX-LOA<br><br>**PROPOSED FINAL PRETRIAL ORDER FOR JURY TRIAL** |

Pursuant to the Scheduling Order previously entered, the following is the Joint Proposed Pretrial Order to be considered at the Final Pretrial Conference set for August 13, 2010 at 1:30 pm before Judge Anderson.

### A. TRIAL COUNSEL FOR THE PARTIES

Plaintiff: Ryan Lee, counsel for Plaintiff. 10474 Santa Monica Blvd. Suite 401, Los Angeles, CA 90025. Phone: (323) 988-2400. Fax: (866)583-3695.

Defendant: Cynthia Fulton. 2345 E. Thomas Rd. Suite 460, Phoenix, AZ 85016. Phone (866) 563-0809.

### B. STATEMENT OF JURISDICTION/VENUE

1. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1. Plaintiff is a natural person domiciled in Arizona

2. Jurisdiction is not disputed.

**C. STIPULATIONS AND UNDISPUTED FACTS**

1. The following material facts are admitted by the parties and require no proof;

    a. Defendant's primary business is the collection of debt.

    b. Defendant communicated with Plaintiff as defined by 15 U.S.C 1692a(2).

    c. Defendant called Plaintiff at (602) 577-2632.

    d. Defendant called Plaintiff more than one time in 24 hours.

    e. Defendant called Plaintiff more than three times in 24 hours, but only on 1 day.

    f. Defendant called Plaintiff and hung up without leaving a message.

2. The following material facts, although not admitted, will not be contested at trial by evidence to the contrary.

    a. Plaintiff owed a "debt" as defined by 15 U.S.C. 1692a(5).

    b. Plaintiff owes the debt Defendant is attempting to collect.

    c. Plaintiff is a "consumer" as defined in 15 U.S.C. 1692a(3)

    d. Defendant is a "debt collector" as defined in 15 U.S.C. 1692a(6)

    e. All other material facts are contested.

3. The following issues of law are uncontested and

stipulated to by the parties.

    a. All issues of law are contested.

**D. CONTESTED ISSUES OF FACT AND LAW**

1. The following material issues of fact to be tried and decided:

2. The following are the issues of law to be determined:

    a. Issue #1: Whether Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

        i. Plaintiff contends: Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff by constantly and continuously placing calls to Plaintiff seeking and demanding payment for the alleged consumer debt and placing not less than eight (8) collection calls in a single day.

        ii. Defendant contends: No violation occurred because the placing of telephone calls to collect a debt is not conduct meant to harass, or abuse the Plaintiff. Furthermore, Defendant did not place "no less than eight collections calls to Plaintiff every day", nor was a message left for each call attempted.

b. Issue #2: Whether Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

   i. Plaintiff contends: Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass by constantly and continuously placing calls to Plaintiff seeking and demanding payment for the alleged consumer debt and placing not less than eight (8) collection calls in a single day.

   ii. Defendant contends: No violation occurred. Defendant did not place "no less than eight collections calls to Plaintiff every day". Defendant never engaged Plaintiff in telephone conversation repeatedly by placing telephone calls to her. In fact, Defendant never spoke with Plaintiff.

c. Issue #3: Whether Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of callers identity.

   i. Plaintiff contends: Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of callers identity by Placing

4

collection calls to Plaintiff and hanging up without leaving a message.

    ii. Defendant contends: No violation occurred. There is no requirement that each telephone call placed must include leaving a message. The five messages left over the course of more than four months included the required meaningful identification of the company leaving the message. Defendant's caller ID information is included in all automated telephone calls.

d. Issue #4: Whether Defendant violated §1692f of the FDCPA by engaging in unfair practices and unconscionable means to collect or attempt to collect an alleged debt.

    i. Plaintiff contends: Defendant violated §1692f of the FDCPA by engaging in unfair practices and unconscionable means to collect or attempt to collect an alleged debt by placing telephone calls without meaningful disclosure of callers identity by Placing collection calls to Plaintiff and hanging up without leaving a message and by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass by constantly and continuously placing calls to Plaintiff seeking and demanding payment

for the alleged consumer debt and placing approximately not less than eight (8) collection calls in a single day.

 ii. Defendant contends: It did not leave telephone messages for the Plaintiff without meaningful disclosure; automated messages included Defendant's caller ID information; it did not engage in unfair or unconscionable means to collect a debt; it did not place "not less than eight collection calls to Plaintiff every day"; it did not intend to abuse or annoy Plaintiff; none of Defendant's employees ever spoke with Plaintiff.

e. Issue #4: Whether, if a violation of the FDCPA occurred Defendant intended the violation and that it maintained procedures reasonably adapted to avoid any such error.

 i. Defendant contends: Any violation found was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

 ii. Plaintiff contends: Defendant has failed provide responses to Plaintiff's request evidencing the maintenance of procedures reasonable adapted to avoid errors and should be precluded from arguing the same.

  f. Issue #5: Whether Plaintiff's asserted damages were caused by her own actions and whether she failed to mitigate her damages.
    i. Defendant contends: Plaintiff failed to mitigate her damages by answering one telephone call and requesting no further telephone communication from Defendant.
    ii. Plaintiff contends: Plaintiff is under no obligation to mitigate the damages created by Defendant's harassment.
  g. Issue #6: Whether some of the calls Plaintiff attributed to the Defendant were made by other entities.
    i. Defendant contends: Plaintiff doesn't know who called her.
    ii. Plaintiff contends: Plaintiff's verified complaint, Defendant's Responses to Discovery, and Defendant's own account notes substantiate Plaintiff's claims.

## E. WITNESSES

  a. Witnesses who shall be called at trial:
    i. Plaintiff
      1. Witnesses who shall be called at trial.
        a. Susan Lams, Plaintiff. Plaintiff will testify as to the factual allegations contained within her complaint, specifically that Defendant violated FDCPA by placing telephone calls without

7

>>meaningful disclosure of callers identity by Placing collection calls to Plaintiff and hanging up without leaving a message and by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass by constantly and continuously placing calls to Plaintiff seeking and demanding payment for the alleged consumer debt and placing approximately no less than eight (8) collection calls in a single day.

2. Thomas Novak, In House Counsel, ARM, Inc. It is presumed the Mr. Novak will present testimony regarding the account in question. Mr. Novak will further testify as to the account notes and the customs and practices of Defendant with respect to debt collection.

3. Michael Cosenza, CEO ARM, Inc. It is presumed the Mr. Cosenza will also present testimony regarding the account in question. Mr. Cosenza will further testify as to the account notes and the customs and practices of Defendant with respect to debt collection.

ii. Defendant

1. Joseph Burch, Chief Operating Officer, Accounts Receivable Management: Mr. Burch will testify regarding the account notes; the automated dialing procedures used by the Defendant, and the message left when a message is left for a consumer. He will also testify regarding procedures reasonably adapted to avoid a violation of the FDCPA with regard to telephone calls

made to consumers.

2. All witnesses identified by Plaintiff.

iii. Final Pretrial Order: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party."

**F. LIST OF EXHIBITS**

a. The following exhibits are admissible in evidence and may be marked into evidence by the Clerk:

i. Plaintiff's Exhibits:

1. Plaintiff's Verified Complaint.
2. Defendant's Responses to Plaintiff's Request for Admissions.
3. Defendant's Responses to Plaintiff's Special Interrogatories.
4. Defendant's Responses to Plaintiff's Request for Production.
5. Defendant ARM, Inc's account notes.

ii. Defendant's Exhibits

1. Defendant's Answer.
2. All exhibits identified by Plaintiff.

b. As to the following exhibits, the parties have reached the following stipulations:

1. The parties stipulate to the introduction of Plaintiff's Exhibit 1.

        2. The parties stipulate to the introduction of Plaintiff's Exhibit 2.

        3. The parties stipulate to the introduction of Plaintiff's Exhibit 3

        4. The parties stipulate to the introduction of Plaintiff's Exhibit 4.

        5. The parties stipulate to the introduction of Defendant's Exhibit 1.

   c. As to the following exhibits, the party against who the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

        i.

   d. Pretrial Order: "Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived."

**G. DEPOSITIONS TO BE OFFERED**

   a. No depositions will be offered.

**H. MOTIONS IN LIMINE (JURY TRIAL)**

   a. Motions in limine shall be filed as separate pleadings and responded to in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

**I. LIST OF PENDING MOTIONS**

   a. None.

**J. PROCEDURES FOR EXPEDITING TRIAL**

   a. The parties believe the evidence provided is quite limited in the present case and the issues are not complex.

**K. ESTIMATED LENGTH OF TRIAL**

   a. 1 hour for opening statements and closing arguments

    b. 3 hours for Plaintiff's case

    c. 3 hours for Defendant's case

    d. 1 hour for rebuttal

**L. JURY DEMAND**

    a. A jury trial has been requested.

        i. The parties stipulate that the request was timely and properly made in Plaintiff's complaint.

**M. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR BENCH TRIALS**

    a. N/A

**N. JOINT PROPOSED JURY INSTRUCTIONS, JOINT PROPOSED VOIR DIRE QUESTIONS, AND PROPOSED FORMS OF VERDICT FOR JURY TRIALS.**

    a. The joint Proposed Jury Instructions, joint Proposed Voir Dire Questions, and Proposed Forms of Verdict shall be filed in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

**O. CERTIFICATIONS**

    a. The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

        i. All discovery has been completed.

        ii. The identity of each witness has been disclosed to opposing counsel.

        iii. Each exhibit listed herein: (1) is in existence; (2) is numbered; and (3) has been disclosed and shown to opposing counsel.

        iv. The parties have complied in all respects with the mandates of the Court's Rule 16 Scheduling Order. Defendant contends that the Plaintiff failed to comply with the Court's April 30

Order Setting Final Pretrial Conference in that the documents which were to be initiated by Plaintiff and exchanged between the parties no later than 10 days prior to the submission deadline, were, instead, provided to Defendant's counsel the day before the submission deadline. Plaintiff contends that the parties were attempting to negotiate a possible settlement. When it became apparent to Plaintiff that Defendant was not negotiating in good faith, the proposed documents were provided. Plaintiff also contends Defendant did not prepare a single document for exchange by the parties pursuant to the Scheduling Order.

    v. The parties have made all of the disclosures required by the Federal Rules of Civil Procedure.

    vi. The parties acknowledge that once this Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

**P. INFORMATION FOR COURT REPORT**

    a. In order to facilitate the creation of an accurate record, please file a "Notice to Court Reporter" one week before trial containing the following information that may be used at trial:

        i. Proper names, including those of witnesses.

        ii. Acronyms.

        iii. Geographic locations.

        iv. Technical (including medical) terms, names or jargon.

        v. Case names and citations.

        vi. Pronunciation of unusual or difficult words or names.

Please also send (or transmit electronically) to the court reporter a copy of the concordance from key depositions.

1
2
3
4  APPROVED AS TO FORM AND CONTENT:
5  DATED this 9th day of July, 2010
6
7  KROHN & MOSS, LTD.
8
9  /s/ Ryan Lee
   By: Ryan Lee
10     10474 Santa Monica Blvd. 4th Floor
       Los Angeles, CA 90025
11     (323) 988-2400
       Attorneys for Plaintiff
12  FULTON, FRIEDMAN, & GULLACE LLP
13
14      /s/Cynthia Fulton
    By:  2435 E. Thomas Rd. Suite 460
         Phoenix, AZ 85016
15       Attorneys for Defendant
16
17
18  Based on the foregoing,
    **IT IS ORDERED** that this Proposed Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPOTED** as the official Pretrial Order of
19  this Court,
20  DATED this ____ day of _____, 2010.
21
22
23          Lawrence Anderson
            United States Magistrate Judge
24
25
26
27
28
              13