1 | Ryan Lee SBN (024846)
2 | Krohn & Moss, Ltd.
  | 10474 Santa Monica Blvd., Suite 401
3 | Los Angeles, CA 90025
  | Tel: 323-988-2400 x241
4 | Fax: 866-583-3695
  | rlee@consumerlawcenter.com
5 | Attorneys for Plaintiff,
  | SUSAN LAMS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Susan Lams, | No. CV 09-0892-PHX-LOA |
| Plaintiff, | **PLAINTIFF'S MOTION IN LIMINE #1 REGARDING PLAINTIFF'S ATTORNEYS' FEES** |
| v. | |
| Accounts Receivable Management, Inc. | |
| Defendant. | |

**NOTICE TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

Plaintiff, SUSAN LAMS (Plaintiff), respectfully requests this Honorable Court to enter an Order that Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC., its witnesses, and attorneys shall not mention within the hearing of the jury, including in jury instructions, the availability of an award of attorneys' fees should Plaintiff succeed in this litigation.

This motion will be heard on Friday, August 13, 2010 at 1:30 in Courtroom 302 on the third floor of the Sandra Day O'Connor U.S, Courthouse, 401 E. Washington, Phoenix, Arizona 85003-2120, before Honorable Judge Lawrence O. Anderson.

This Motion is based on this Notice and Plaintiff's Memorandum in support of his Motion in Limine Number 1, filed concurrently.

1

1  .

2                                          RESPECTFULLY SUBMITTED

3  Dated: July 16, 2010                    KROHN & MOSS, LTD.

4

5
                                           By: /s/____Ryan Lee_____
6                                                  Ryan Lee
                                                   Attorney for Plaintiff
7

PLAINTIFF'S MOTION IN LIMINE NO. 1 REGARDING PLAINTIFF'S ATTORNEYS' FEES

Ryan Lee SBN (024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
SUSAN LAMS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Lams,<br><br>                              Plaintiff,<br><br>v.<br><br>Accounts Receivable Management, Inc.<br><br>                              Defendant. | No.  CV 09-0892-PHX-LOA<br><br>**PLAINTIFF'S MOTION IN LIMINE #1 REGARDING PLAINTIFF'S ATTORNEYS' FEES** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE NUMBER 1**

Plaintiff's Complaint is based on the Fair Debt Collection Practices Act which has a fee-shifting provision should Plaintiff prevail at trial.  Any questions or references to Plaintiff's attorneys' fees are irrelevant to Plaintiff's underlying case.  Furthermore, the probative value of this information is substantially outweighed by its prejudicial effect.

A Motion in Limine refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984).  The purpose of a Motion in Limine is to "avoid the obviously futile attempt to 'unring the bell' " when highly prejudicial evidence is offered and then stricken at trial.  *People v.*

3

---

PLAINTIFF'S MOTION IN LIMINE NO. 1 REGARDING PLAINTIFF'S ATTORNEYS' FEES

1  *Morris*, supra, 53 C3d at 188, 279 CR at 739; *Hyatt v. Sierra Boat Co.* (1978) 79 CA3d 325, 337–339, 145 CR 47, 54–55; see also *Sacramento & San Joaquin Drainage Dist. ex rel. State Reclamation Bd. v. Reed* (1963) 215 CA2d 60, 68, 29 CR 847, 852–853.  Here, any questions or references to Plaintiff's attorneys' fees are irrelevant to Plaintiff's underlying case, and therefore, would be highly prejudicial if mentioned in front of the jury.  According to the Federal Rules of Evidence Section 402, "Evidence which is not relevant is not admissible."  Furthermore, the probative value of this information is substantially outweighed by its prejudicial effect.  According to Federal Rules of Evidence Section 403, "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Pursuant to the Federal Rules of Evidence Sections 402 and 403, this Honorable Court should grant Plaintiff's Motion in Limine Number 1.

Case law also supports Plaintiff's Motion in Limine Number 1.  As stated in *Brooks v. Cook*, 938 F.2d 1048 at *1051 (9th Cir. 1991), the award of attorneys' fees in a federal fee-shifting action is a matter for the judge not the jury.  In *Brooks*, the court recognized the important policy considerations for the fee-shifting provision would be undermined if the jury was informed of the possibility of fees and concluded that the dissemination of this information is so prejudicial that grounds would exist for a new trial for Plaintiff. *Id.*  The Ninth Circuit went further to state:

> In a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award.  Even more troubling, however, is the case where actual damages are small or nonexistent.  **When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award.  The jury may thus decide to find for the defendant rather than allow the plaintiff's attorney to recover fees.**

*Id.* at *1051 (emphasis added).

It is the jury's role to determine liability and the amount of damages. *Brooks v. Cook*, 938 F.2d

1048, 1051 (9th Cir.1991). Liability and damages are distinct from awarding attorneys' fees. By informing the jury of Plaintiff's right to seek attorneys' fees, the Court would be inviting the jury to factor the court's calculation of the ultimate judgment which has no relevance to the jury's determination of liability and damages. *See Brooks v. Cook*, 938 F.2d 1048, 1051 (1991).

Furthermore, informing the jury of the possibility of attorneys' fees could result in prejudice to Plaintiff and undermine the public policies behind the FDCPA. *See Tolentino v. Friedman*, (7th Cir. 1995) at 652 *citing City of Riverside v. Rivera*, 477 U.S. 561 (1986) ("Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights."). The award of attorneys' fees also acts to stimulate voluntary compliance with the law. A*ckerley Communications v. City of Salem,* 752 F.2d 1394 (9th Cir. 1985). The jury, however, may be unaware of these policy considerations that drove Congress to favor the award of attorneys' fees to prevailing plaintiffs under the FDCPA, and thus, information of such would be highly prejudicial.

Importantly, in a case where Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award. *Brooks,* 938 F.2d at 1051. Even more troubling, however, is the case where actual damages are small or nonexistent. *Id.* When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award. *Id.* The jury may thus decide to find for the defendant rather than allow the plaintiff's attorney to recover fees. *Id.*

Wherefore, Plaintiff, SUSAN LAMS, respectfully requests that this Honorable Court grant Plaintiff's Motion in Limine No. 1 and enter an Order that Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC, its witnesses, and attorneys shall not mention within the hearing of the jury,

1  including in jury instructions, the availability of an award of attorneys' fees should Plaintiff prevail
2  in this litigation.

                                                RESPECTFULLY SUBMITTED,

Dated: July 16, 2010                 KROHN & MOSS, LTD.

                                                By: /s/      Ryan Lee      
                                                       Ryan Lee
                                                       Attorney for Plaintiff

PLAINTIFF'S MOTION IN LIMINE NO. 1 REGARDING PLAINTIFF'S ATTORNEYS' FEES

1  Ryan Lee SBN (024846)
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401
   Los Angeles, CA 90025
3  Tel: 323-988-2400 x241
   Fax: 866-583-3695
4  rlee@consumerlawcenter.com
   Attorneys for Plaintiff,
5  SUSAN LAMS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Susan Lams, | No. CV 09-0892-PHX-LOA |
| --- | --- |
| Plaintiff, | **PLAINTIFF'S MOTION IN LIMINE #1 REGARDING PLAINTIFF'S ATTORNEYS' FEES** |
| v. | |
| Accounts Receivable Management, Inc. | |
| Defendant. | |

GOOD CAUSE APPEARING, Plaintiff's Motion in Limine Number 1 is GRANTED. At trial, Defendant shall be precluded from asking questions and making any references to Plaintiff's attorneys' fees, including mentioning attorneys' fees in jury instructions, in this case.

Date:_____                          _____
                                                    Honorable Lawrence O. Anderson
                                                    United States Magistrate Judge

PLAINTIFF'S MOTION IN LIMINE NO. 1 REGARDING PLAINTIFF'S ATTORNEYS' FEES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MOTION IN LIMINE NO. 1 REGARDING PLAINTIFF'S ATTORNEYS' FEES