IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Lams, | No. CV-09-0892-PHX-LOA |
| Plaintiff, | **FINAL PRETRIAL ORDER** |
| vs. | |
| Accounts Receivable Management, Inc., | |
| Defendant. | |

Pursuant to the parties' Proposed Final Pretrial Order, doc. 36, lodged on July 12, 2010, this Final Pretrial Order shall control the subsequent course of this lawsuit. This Final Pretrial Order may be modified "only to prevent manifest injustice." Rule 16(e), Fed.R.Civ.P.; *Sousa ex. rel. Will of Sousa v. Unilab Corp Class II*, 252 F.Supp.2d 1046, 1058 (E.D. Cal. 2002), *affirmed by*, 83 Fed. Appx. 954 (9th Cir. 2003).

Counsel may not offer evidence or advance theories of liability or defenses at trial which are not included in this Order or which contradict its terms in order to prevent unfair surprise and encour- age timely and orderly litigation. *Id*. (citing *United States v. First Nat'l Bank*, 652 F.2d 882, 886 (9th Cir. 1981). All witnesses, exhibits and issues set forth herein are subject to the *in limine* orders entered by the Court.

**A.    TRIAL COUNSEL FOR THE PARTIES**

Plaintiff: Ryan Lee, counsel for Plaintiff. 10474 Santa Monica Blvd. Suite 401, Los Angeles, CA 90025. Phone: (323) 988-2400. Fax: (866)583-3695.

1   Defendant: Cynthia Fulton. 2345 E. Thomas Rd. Suite 460, Phoenix, AZ 85016.
2   Phone (866) 563-0809.
3   **B.    STATEMENT OF JURISDICTION/VENUE**
4   **1.** Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states
5   that such actions may be brought and heard before "any appropriate United States district
6   court without regard to the amount in controversy." Plaintiff is a natural person domicil-
7   ed in Arizona.
8   **2.** Jurisdiction is not disputed.
9   **C.    STIPULATIONS AND UNCONTESTED FACTS**
10  **1.** The following material facts are admitted by the parties and require no proof:
11        **a**. Defendant's primary business is the collection of debt.
12        **b**. Defendant communicated with Plaintiff as defined by 15 U.S.C
13  1692a(2).
14        **c**. Defendant called Plaintiff at (602) 577-2632.
15        **d**. Defendant called Plaintiff more than one time in 24 hours.
16        **e**. Defendant called Plaintiff more than three times in 24 hours, but only on
17  1 day.
18        **f**. Defendant called Plaintiff and hung up without leaving a message.
19  **2.** The following material facts, although not admitted, will not be contested at
20  trial by evidence to the contrary.
21        **a**. Plaintiff owed a "debt" as defined by 15 U.S.C. 1692a(5).
22        **b**. Plaintiff owes the debt Defendant is attempting to collect.
23        **c**. Plaintiff is a "consumer" as defined in 15 U.S.C. 1692a(3)
24        **d**. Defendant is a "debt collector" as defined in 15 U.S.C. 1692a(6)
25        **e**. All other material facts are contested.
26  **3.** The following issues of law are uncontested and stipulated to by the parties.
27        **a**. All issues of law are contested.
28

**D.    CONTESTED ISSUES OF FACT AND LAW**

    **1.** The following material issues of fact to be tried and decided:

    **2.** The following are issues of law to be determined:

        **a. Issue #1:** Whether Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

            **i.** Plaintiff contends: Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff by constantly and continuously placing calls to Plaintiff seeking and demanding payment for the alleged consumer debt and placing not less than eight (8) collection calls in a single day.

            **ii.** Defendant contends: No violation occurred because the placing of telephone calls to collect a debt is not conduct meant to harass, or abuse the Plaintiff. Furthermore, Defendant did not place "no less than eight collections calls to Plaintiff every day," nor was a message left for each call attempted.

        **b.** Issue #2: Whether Defendant violated *§*1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

            **i.** Plaintiff contends: Defendant violated *§*1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass by constantly and continuously placing calls to Plaintiff seeking and demanding payment for the alleged consumer debt and placing not less than eight (8) collection calls in a single day.

            **ii.** Defendant contends: No violation occurred.  Defendant did not place "no less than eight collections calls to Plaintiff every day."  Defendant never engaged Plaintiff in telephone conversation repeatedly by placing telephone calls to her. In fact, Defendant never spoke with Plaintiff

- 3 -

1          **c.** Issue #3: Whether Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of callers identity.

          **i. Plaintiff contends:** Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of callers identity by placing collection calls to Plaintiff and hanging up without leaving a message.

          **ii. Defendant contends:** No violation occurred.  There is no requirement that each telephone call placed must include leaving a message.  The five messages left over the course of more than four months included the required meaningful identification of the company leaving the message.  Defendant's caller ID information is included in all automated telephone calls.

          **d. Issue #4:** Whether Defendant violated §1692f of the FDCPA by engaging in unfair practices and unconscionable means to collect or attempt to collect an alleged debt.

          **i. Plaintiff contends:** Defendant violated §1692f of the FDCPA by engaging in unfair practices and unconscionable means to collect or attempt to collect an alleged debt by placing telephone calls without meaningful disclosure of callers identity by placing collection calls to Plaintiff and hanging up without leaving a message and by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass by constantly and continuously placing calls to Plaintiff seeking and demanding payment for the alleged consumer debt and placing approximately not less than eight (8) collection calls in a single day.

          **ii. Defendant contends:** It did not leave telephone messages for the Plaintiff without meaningful disclosure; automated messages included Defendant's caller ID information; it did not engage in unfair or unconscionable means to collect a debt; it did not place "not less than eight collection calls to Plaintiff every day"; it did not intend to abuse or annoy Plaintiff; none of Defendant's employees ever spoke with Plaintiff.

          **e. Issue #5:** Whether, if a violation of the FDCPA occurred, Defendant

- 4 -

1  intended the violation and that it maintained procedures reasonably adapted to avoid any
2  such error.
3         **i. Defendant contends:** Any violation found was unintentional and
4  resulted from a bona fide error notwithstanding the maintenance of procedures reason-
5  ably adapted to avoid any such error.
6         **ii. Plaintiff contends:** Defendant has failed to provide responses to
7  Plaintiff's request evidencing the maintenance of procedures reasonably adapted to avoid
8  errors and should be precluded from arguing the same.
9         **f. Issue #6:** Whether Plaintiff's asserted damages were caused by her own
10 actions and whether she failed to mitigate her damages.
11        **i. Defendant contends:** Plaintiff failed to mitigate her damages by
12 answering one telephone call and requesting no further telephone communication from
13 Defendant.
14        **ii. Plaintiff contends:** Plaintiff is under no obligation to mitigate
15 the damages created by Defendant's harassment.
16        **g. Issue #7:** Whether some of the calls Plaintiff attributed to Defendant
17 were made by other entities:
18        **i. Defendant contends:** Plaintiff doesn't know who called her.
19        **ii. Plaintiff contends:** Plaintiff's verified complaint, Defendant's
20 Responses to Discovery, and Defendant's own account notes substantiate Plaintiff's
21 claims.
22 **E. WITNESSES**
23        **a. Plaintiff's Witnesses who shall be called at trial.**
24        **1**. Susan Lams, Plaintiff. Plaintiff will testify as to the factual
25 allegations contained within her complaint, specifically that Defendant violated FDCPA
26 by placing telephone calls without meaningful disclosure of callers identity by placing
27 collection calls to Plaintiff and hanging up without leaving a message and by causing a
28
                                         - 5 -

1  telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to
2  annoy, abuse, and harass by constantly and continuously placing calls to Plaintiff seeking
3  and demanding payment for the alleged consumer debt and placing approximately no less
4  than eight (8) collection calls in a single day.

5  **2**. Thomas Novak, In House Counsel, ARM, Inc. It is presumed the
6  Mr. Novak will present testimony regarding the account in question. Mr. Novak will
7  further testify as to the account notes and the customs and practices of Defendant with
8  respect to debt collection.

9  **3**. Michael Cosenza, CEO ARM, Inc. It is presumed the Mr.
10 Cosenza will also present testimony regarding the account in question. Mr. Cosenza will
11 further testify as to the account notes and the customs and practices of Defendant with
12 respect to debt collection.

13 **b.  Defendant's Witnesses who shall be called at trial.**

14 **1**. Joseph Burch, Chief Operating Officer, Accounts Receivable
15 Management: Mr. Burch will testify regarding the account notes; the automated dialing
16 procedures used by the Defendant, and the message left when a message is left for a
17 consumer.  He will also testify regarding procedures reasonable adapted to avoid a
18 violation of the FDCPA with regard to telephone calls made to consumers

19 **2**. All witnesses identified by Plaintiff.

20 Each party understands that it is responsible for ensuring that the witnesses it
21 wishes to call to testify are subpoenaed.  Each party further understands that any witness
22 a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely
23 on the witness having been listed or subpoenaed by another party.

24 **F.  LIST OF EXHIBITS**

25 **1.** The following exhibits are admissible in evidence and may be marked into
26 evidence by the Clerk:

      **a. <u>Plaintiff's Exhibits:</u>**

          **1.** Plaintiff's Verified Complaint.

          **2.** Defendant's Responses to Plaintiff's Request for Admissions.

          **3.** Defendant's Responses to Plaintiff's Special Interrogatories.

          **4.** Defendant's Responses to Plaintiff's Request for Production.

          **5.** Defendant ARM, Inc's account notes.

      **b. <u>Defendant's Exhibits</u>**

          **1.** Defendant's Answer

          **2.** All exhibits identified by Plaintiff

  **2.** As to the following exhibits, the parties have reached the following stipulations:  None.

      **a. <u>Plaintiff's Exhibits</u>**: None except those identified in F(1)(a) herein.

      **b. <u>Defendant's Exhibits</u>**: None except those identified in F(1)(b) herein.

  **3.** As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below: None

  Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived.

**G.  DEPOSITIONS TO BE OFFERED**

  **1.** No depositions will be offered.

**H.  MOTIONS IN LIMINE (JURY TRIAL)**

  **1.** Motions *in limine* shall be filed as separate pleadings and responded to in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

**I.  LIST OF PENDING MOTIONS**

  **1.** None.

**J.  PROCEDURES FOR EXPEDITING TRIAL**

  **1.** The parties believe the evidence provided is quite limited in the present case and the issues are not complex.

1  **K.  ESTIMATED LENGTH OF TRIAL**
2      **1.** 1 hour for opening statements and closing arguments
3      **2.** 3 hours for Plaintiff's case
4      **3.** 3 hours for Defendant's case
5      **4.** 1 hour for rebuttal
6  **L.  JURY DEMAND**
7      **1.** A jury trial has been requested.
8          **a.** The parties stipulate that the request was timely and properly made in
9  Plaintiff's complaint.
10 **M.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR**
11 **BENCH TRIALS**
12     **1.** N/A
13 **N.  JOINT PROPOSED JURY INSTRUCTIONS, JOINT PROPOSED VOIR DIRE**
14 **QUESTIONS, AND PROPOSED FORMS OF VERDICT FOR JURY TRIALS.**
15     The joint Proposed Jury Instructions, joint Proposed Voire Dire Questions, and
16 Proposed Forms of Verdict have been filed in accordance with the instructions contained
17 in the Order setting Final Pretrial Conference.
18 **O.  CERTIFICATIONS**
19     The undersigned counsel for each of the parties in this action do hereby certify
20 and acknowledge the following:
21         **1.** All discovery has been completed.
22         **2.** The identity of each witness has been disclosed to opposing counsel.
23         **3.** Each exhibit listed herein: (1) is in existence; (2) is numbered; and (3)
24 has been disclosed and shown to opposing counsel.
25         **4.** The parties have complied in all respects with the mandates of the
26 Court's Rule 16 Scheduling Order and Order setting Final Pretrial Conference.
27         **5.** The parties have made all of the disclosures required by the Federal
28

Rules of Civil Procedure.

     **6.** The parties acknowledge that once this Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

**P. INFORMATION FOR COURT REPORTER**

In order to facilitate the creation of an accurate record, please file a "Notice to Court Reporter" one week before trial containing the following information that may be used at trial:

     **1.** Proper names, including those of witnesses.

     **2.** Acronyms.

     **3.** Geographic locations.

     **4.** Technical (including medical) terms, names or jargon.

     **5.** Case names and citations.

     **6.** Pronunciation of unusual or difficult words or names.

Please also send (or transmit electronically) to the court reporter a copy of the concordance from key depositions, if applicable.

Based on the foregoing,

**IT IS ORDERED** that this Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPTED** as the official Pretrial Order of this Court.

DATED this 13th day of August, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge