**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Susan Lams, | ) No. CV-09-0892-PHX-LOA |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Accounts Receivable Management, Inc., | ) |
| Defendant. | ) |

Plaintiff timely filed two motions *in limine*. (Docs. 39-40) Defendant has responded. Neither party requested oral argument.

**1. Motion *In Limine* # 1 Regarding Plaintiff's Attorneys' Fees.**

Plaintiff moves the Court for an *in limine* order that Defendant, "its witnesses, and attorneys shall not mention within the hearing of the jury, including in jury instructions, the availability of an award of attorneys' fees should Plaintiff prevail in this litigation." (Doc. 39 at 5-6)

Citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) and other cases addressing the purpose and propriety of precluding introduction of "highly prejudicial evidence" prior to trial, Plaintiff contends that the issue of attorneys' fees which may be awarded to Plaintiff if she prevails is "irrelevant" and the "probative value of [an award of attorneys' fees] is substantially outweighed by its prejudicial effect." (*Id*. at 3) Plaintiff cites *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991), a § 1983 action, for the proposition that

an award of attorneys' fees in a federal fee-shifting action is a matter for the judge not the jury. In *Brooks*, the Ninth Circuit held that the district court abused its discretion by telling the jury about the right of a prevailing plaintiff to attorney fees under 42 U.S.C. § 1988. Plaintiff contends, the *Brooks* court recognized the important policy considerations for the fee-shifting provision would be undermined if the jury was informed of the possibility of fees and concluded that the dissemination of this information is so prejudicial that grounds would exist for a new trial for Plaintiff. (*Id*. at 3) The court conceded that "[w]e have found no cases that discuss whether a jury may be informed of the possibility of an award of attorneys' fees." *Id*. at 1051. Explaining the risk to a plaintiff if the trial court allows defense counsel to discuss the issue of attorneys' fees, the *Brooks* court stated:

> [I]n a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or nonexistent. **When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award. The jury may thus decide to find for the defendant rather than allow the plaintiff's attorney to recover fees.**

*Id*. (emphasis added).

While not agreeing with everything Plaintiff sets forth in her Motion regarding attorneys' fees, "Defendant does not oppose the substance of Plaintiff's Motion in Limine number one." (doc. 41 at 1) Plaintiff's Motion *In Limine* # 1 Regarding Plaintiff's Attorneys' Fees will be granted.

There being no objection by Defendant,

**IT IS ORDERED** that Plaintiff's Motion *In Limine* # 1 Regarding Plaintiff's Attorneys' Fees, doc. 39, is **GRANTED**. Unless Plaintiff, her attorney or witnesses open the door, Defendant is hereby precluded from offering evidence or argument, directly or indirectly, to the possibility that the Plaintiff, Defendant, or prevailing party may be awarded attorneys' fees. In the event that defense counsel believes that Plaintiff has opened the door to this prohibited area, defense counsel shall first raise the issue with the Court and counsel

outside the presence of the jury to obtain leave of the Court to question any witness or make an argument in this prohibited area.

**2. Motion *In Limine* # 2 Regarding Plaintiff's Character.**

Plaintiff also moves the Court for an *in limine* order that Defendant, "its witnesses, and attorneys be precluded from denigrating Plaintiff's character, including discussing Plaintiff's other debt, since Plaintiff's character and other debt are not issues in this case and are not related to any claim or defense; and that Defendant's examination of Plaintiff and arguments be limited to the issues in this case." (Doc. 40 at 1)

Plaintiff cites cases discussing the goals of the Fair Debt Collection Practices Act. Congress enacted the FDCPA in 1977, "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." *Jenkins v. Heintz*, 25 F.3d 536, 538 (7th Cir. 1994) (citing 15 U.S.C. § 1692(e) (internal quotation marks omitted). Plaintiff argues that "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve "the right to be treated in a reasonable and civil manner[,]" citing *Baker v. C.G. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) ("The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, *regardless of whether a valid debt actually exists*.") (citation omitted) (emphasis added). (Doc. 40 at 4)

In light of the purposes of the FDCPA, Plaintiff argues that Defendant should be precluded from arguing "that, by bringing an FDCPA action, Plaintiff seeks to immunize [herself] from the collection process and the natural, legitimate consequences of nonpayment of debt[]" and that an order be entered "directing Defendant's witnesses and attorneys not to make any 'deadbeat' claims, or discuss Plaintiff's other debt." (*Id.* at 4)

Defendant responds that it "has no intention of introducing character evidence, as that term is contemplated by Federal Rules of Evidence, Rule 404, since to do so would only prove Plaintiff had a tendency to incur other debts, if it were even probative of that."

1  (Doc. 42 at 1) Defendant argues, however, that "[e]vidence the Plaintiff may have had other
2  creditors (not the validity of the underlying debt to Defendant, which is not in issue) is
3  distinctly probative of facts in dispute [ ] and therefore relevant under Federal Rules of
4  Evidence, Rule 401." (*Id.* at 2) Defendant points out that one of Plaintiff's principal claims
5  is that Defendant made "constant and continuous" telephone collection calls, and "no less
6  than eight (8) collection calls to the Plaintiff every day[,]" quoting the Complaint. These
7  allegations are purportedly inconsistent with "Defendant's collection records which record
8  the date and time of every collection call made using a predictive dialer." (*Id.*)

9  Defendant argues that the explanation for the discrepancy in Plaintiff's
10 "claimed number and frequency of calls may well lie in the fact that if Plaintiff had more
11 creditors than just Defendant, those creditors may have been calling her as well" since she
12 did not answer the phone. (*Id.*) "The resolution of these questions is plainly a jury issue, and
13 Defendant should be allowed to present every plausible theory for the apparent discrepancy
14 in the number of calls to the jury. . . ." (*Id.*) Defendant argues it is "entitled to explore the
15 possibility that the numerous calls alleged by Plaintiff, and the allegedly grievous emotional
16 distress caused by those calls, were possibly made by others, and not by Defendant. (*Id.* at
17 3)

## I. Discussion

Since this Court can not anticipate the trial questions or arguments and does not wish to preclude proper cross examination on relevant issues, the Court will follow the wisdom of the Sixth Circuit in *Sperberg v. The Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (warning against entering "orders in limine that exclude broad categories of evidence . . . A better practice is to deal with questions of admissibility of evidence as they arise."), *cert. denied*, 423 U.S. 987 (1975). Moreover, the issue raised by this *in limine* motion is not so clearly inadmissible that it can not be resolved by timely objection at trial. *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill. 1993) ("Unless evidence meets this high standard [clearly inadmissible on all potential grounds], evidentiary rulings should be deferred until trial so that questions of

foundation, relevancy and potential prejudice may be resolved in proper context."). The Court will deny the Motion without prejudice to raising a timely and specific objection at trial. If the Court permits cross examination on the possibility that creditors other than Defendant's employees were calling Plaintiff, Plaintiff's counsel shall be prepared to provide the Court with an appropriate limiting instruction.

**IT IS ORDERED** that Motion *In Limine* # 2 Regarding Plaintiff's Character, doc. 40, is **DENIED** without prejudice.

Dated this 16th day of August, 2010.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge